Hillsborough,
No. 4387.

HELENE RESNICK *v.* MANCHESTER.

Submitted April 5, 1955.

Decided April 20, 1955.

*Sheehan, Phinney & Bass* and *Frederick W. Branch,* for the plaintiff.

*J. Francis Roche,* city solicitor, for the defendant.

GOODNOW, J. The authority under which the city of Manchester was acting in the construction of the sewer in question was that granted by R. L., c. 90, as inserted by Laws 1945, c. 188, *pt.* 22, *s.* 4, which provides: "The mayor and aldermen of any city may construct and maintain all main drains or common sewers which they adjudge necessary for the public convenience and health. Such drains and sewers shall be substantially constructed . . . and shall be the property of the city." Persons whose drains enter such sewers or whose lands receive special benefit therefrom may be assessed their just share of the expense of constructing and maintaining them (*s.* 7) and sewer rents may be established to defray "the cost of construction . . . management, maintenance, operation, and repair." *S.* 8.

In *Lockwood* v. *Dover*, 73 N. H. 209, 211, it was held that work undertaken under similar statutory authority "is not a mere matter of public service, for the general and common good, and governmental in its nature, but of private, corporate advantage, for the negligent performance of which [the city] may be liable in damages for injury to persons or property." This rule has been consistently followed in connection with the maintenance and operation of sewers and is too strongly established in this state to be questioned. *Mitchel* v. *Dover*, 98 N. H. 285.

No reasons appear why a distinction should be made between work performed in the course of construction of sewers and that done in connection with their maintenance and operation after their completion. The authority granted by the statute applies to both the construction and maintenance of sewers. Neither type of work is required of cities but both are authorized in the discretion of the mayor and aldermen. Both the cost of construction and the cost of maintenance may be collected by means of assessments or sewer rents from those benefiting from the work. It seems apparent that the Legislature did not regard either activity as a governmental function but as undertakings "for the local accommodation and convenience." *Roberts* v. *Dover*, 72 N. H. 147, 154.

It is of no significance that the defendant in this case actually makes no charge or assessment for the construction of sewers except for a nominal connection fee. "A municipality is liable to an action for negligence in building and maintaining sewers, not because they are a source of direct pecuniary profit, but because they are built and maintained for the particular advantage of the municipality." *Lockwood* v. *Dover*, *supra*, 212.

No claim of absolute liability on account of the blasting has been advanced by either party (see *Crocker* v. *Company*, 99 N. H. 330) and it appears that the transferred question was intended to refer to blasting operations negligently conducted. The answer to the question as so construed is yes.

*Remanded.*

All concurred.